**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sir Albert L. Johnson,

Plaintiff,

v.

J. Rardin, Warden, et al.,

Defendants.

No. 26-cv-2248 (KMM/JFD)

**ORDER**

On August 14, 2026, the Court entered an Order dismissing the Complaint in this case filed by Plaintiff, Sir Albert L. Johnson. (Dkt. 18.) The Clerk of Court entered Judgment on August 17, 2026, and this matter was closed. On September 8, 2026, Mr. Johnson filed a Notice of Appeal to the Eighth Circuit (Dkt. 21), and a Motion for Reconsideration (Dkt. 20), in which he asks this Court to revisit its Order dismissing his case and denying various motions.

Local Rule 7.1(j) requires a party seeking reconsideration of an order to obtain permission to file a motion for reconsideration. D. Minn. LR 7.1(j). A party is only granted permission to file such a motion when it has shown "compelling circumstances." *Id*. Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to

afford a party 'an opportunity for relief in extraordinary circumstances.'" *United States v. Mustafa*, No. 14-cr-261(5) (JRT/BRT), 2021 WL 925561, at *1 (D. Minn. Mar. 5, 2021) (quoting *Shukh v. Seagate Tech., LLC*, No. 10-cv-404 (JRT/JJK), 2011 WL 2880726, at *1 (D. Minn. July 18, 2011)).

Mr. Johnson's motion for reconsideration may also be construed as a motion for relief from a judgment under Federal Rule of Civil Procedure 60. A party may obtain relief from a final judgment by showing there was a mistake, newly discovered evidence, fraud by an opposing party, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Under Rule 60(b), if any of the specific grounds listed in paragraphs (b)(1) through (b)(5) are not applicable, the catchall provision in (b)(6) makes relief available only when "extraordinary circumstances . . . justify reopening." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (cleaned up).

Whether Mr. Johnson's motion is considered a motion for reconsideration under Local Rule 7.1(j) or for relief from the judgment in this case under Fed. R. Civ. P. 60(b), he has not made the showing necessary to obtain relief here. He alleges that reconsideration is required because the Complaint in the docket in this matter is not the same one he originally drafted, but he offers no evidence to support this claim. The Court notes that the filings throughout the case have all been in the same handwriting and style as the recently filed Motion for Reconsideration. And Mr. Johnson does not explain how or why such a switch might have occurred. Most critically, even if it were true, Mr. Johnson does not show that any other version of the Complaint than the one already in the record would have avoided the deficiencies the Court identified in the document filed on the docket.

## ORDER

The Court has carefully considered the argument presented in Mr. Johnson's motion and finds that this is not an extraordinary circumstance in which granting a motion for reconsideration or for relief from the judgment is appropriate. The request for reconsideration is **DENIED**.

Date: September 16, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge